**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

**SEGUNDO MINCHALA,**

                    **Plaintiff,**　　　　**MEMORANDUM
　　　　　　　　　　　　　　　　　　　　AND ORDER**

      -against-

　　　　　　　　　　　　　　　　　　　　**04-CV-3080 (NG) (RLM)**

**TEREX CORPORATION et al.,**

                    **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is an application by defendant Cedarapids ("defendant" or "Cedarapids") pursuant to Local Civil Rule 54.2 of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 54.2"), for an order directing plaintiff Segundo Minchala ("plaintiff" or "Minchala") to provide security for costs. See 11/10/05 Motion for Bill of Costs ("Def. Mot."). For the reasons that follow, defendant's motion is denied.

      Under Rule 54.2, this Court has the discretion whether or not to require a party to file an original bond for costs. Local Civ. R. 54.2.[1] Factors that courts consider in determining whether a bond should issue include: "1) the party's ability to pay; 2) whether the party is present within the United States; 3) the party's compliance with past court orders; 4) the extent and scope of discovery; 5) the legal costs expected to be incurred; and, 6) the merit of the underlying claims." Kensington Int'l Ltd. v. Republic of Congo, No. 03 Civ. 4578(LAP),

---

[1] Rule 54.2 provides, in pertinent part, that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."

2005 WL 646086, at *1 (S.D.N.Y. Mar. 21, 2005). However, the Second Circuit has cautioned that "the imposition of a security requirement may not be used as a means to dismiss suits of questionable merit filed by plaintiffs with few resources." Selletti v. Carey, 173 F.3d 104, 112 (2d Cir. 1999).[2]

Having weighed the various factors, this Court declines to require the posting of a bond in this personal injury action. First, apparently recognizing that plaintiff is a person of extremely limited financial means, defendant does not contend that a bond is needed to prevent plaintiff from dissipating or moving his assets before the conclusion of this case. See id. ("[T]he primary purpose of the bond requirement is to insure that whatever assets a party *does* possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded.").[3] Nor does defendant allege that plaintiff is not available in the United States. Although defendant argues that it would be entitled to "substantial" costs if granted summary judgment, Def. Mot. at 2, defendant overlooks the fact that, in contrast to the cases on which defendant relies, defendant will not be entitled to recover attorney's fees in

---

[2] In Selletti, the Second Circuit held that although the district court's imposition of a bond was within its discretion, the court then abused its discretion in dismissing the case for failure to post a bond without giving "significant weight to plaintiff's inability to pay the sanction or post security in the required amount, a consideration relevant to plaintiff's interest in receiving a fair chance to be heard." Selletti, 173 F.3d at 110-13. Here, the decision whether to require a bond implicates the same policy considerations at stake in Selletti, namely to avoid "making the federal court a court only for rich litigants." Id. at 112 (quoting Farmer v. Arabian Am. Oil Co., 285 F.2d 720, 722 (2d Cir. 1960)).

[3] The timing of defendant's application suggests an entirely different (i.e., strategic) motive: defendant did not move for a bond until after the conclusion of discovery, just days prior to a scheduled settlement conference before this Court.

the event it prevails.[4] Accordingly, these factors weigh against defendant's request.

Defendant further submits that "plaintiff's claim is questionable on the merits." Def. Mot. at 2. Currently pending before Judge Gershon is a motion for summary judgment, and this Court is not inclined to "pre-judge" the merits of that motion.[5] Suffice it to say, however, that whatever the outcome of that motion, defendant's challenge to plaintiff's expert's opinions does not render Minchala's claims so baseless as to warrant an order requiring security for costs. See Zen Music, Inc. v. CVS Corp., No. 98 CIV. 4246(DLC), 1999 WL 225530, at *2 (S.D.N.Y. Apr. 19, 1999) ("Although the defendants may be entitled to summary judgment, the record as presented on this motion indicates that [the non-moving party's] case is not sufficiently baseless to require it to post a bond."). Moreover, the fact that plaintiff's counsel caused delays in discovery does not suffice to support the issuance of an order requiring a bond, where the other factors discussed above weigh against defendant's

---

[4] See Selletti, 173 F.3d at 110 & n.7 (statutory provision allowing for discretionary recovery of attorney's fees in copyright action); Kensington, 2005 WL 646086, at *1 (contractual agreement to reimburse legal expenses including attorney's fees); Livnat v. Lavi, No. 96 CIV. 4967(RWS), 1997 WL 563799, at *3 (S.D.N.Y. Sept. 9, 1997) (copyright action). Similarly, although defendant claims to have incurred significant taxable costs, these appear to be the usual expenses in a personal injury suit, and defendant cites no case law in which a bond was required in such an action. To find that these factors warranted the posting of a bond would essentially read the factors out of existence, since almost all litigants in federal court will incur similar expenses.

[5] See generally In re Gucci, No. 05 Civ. 4444(DC), 2005 WL 1538202, at *2 (S.D.N.Y. June 27, 2005) (refusing to "pre-judge" an appeal from a bankruptcy court judgment despite appellee's claims that appellant's arguments were without merit where the same case had previously been remanded to the bankruptcy court for further proceedings).

motion.[6]

For the foregoing reasons, defendant's Rule 54.2 application for an order directing plaintiff to provide security for costs is denied.

        **SO ORDERED.**

**Dated:**       Brooklyn, New York
               September 19, 2006

                                       **ROANNE L. MANN**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[6] As a final point, although defendant notes plaintiff's illegal alien status, the case law cited to support a consideration of this factor involved a citizen of a foreign country who (unlike Michala) had returned to his country at some point during the litigation. See Livnat, 1997 WL 563799, at *3.